THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

**GUIDELINES TO PARTIES AND COUNSEL IN CIVIL CASES PROCEEDING
BEFORE THE HONORABLE TIFFANY R. JOHNSON**

This case has been assigned to Judge Tiffany R. Johnson.  These guidelines inform the parties and their counsel of the Court's policies, procedures, and practice, and are designed to promote the just, speedy, and economical disposition of cases.  This Order, in combination with the Local Rules of this Court and the Federal Rules of Civil Procedure, shall govern this case.  **Within seven (7) days of entry of this Order in your case, you are required to sign and file a Certificate of Compliance in a format consistent with the attached Certificate of Compliance.**

TIFFANY R. JOHNSON
United States District Judge

TABLE OF CONTENTS

1. GENERAL MATTERS ...................................................................................................... 4

2. CASE ADMINISTRATION ............................................................................................... 4

   A.   Contacting Chambers ........................................................................................... 4

   B.   Transcripts ............................................................................................................ 5

   C.   Courtesy Copies of Documents .......................................................................... 5

   D.   Attorneys .............................................................................................................. 5

          i. Admission of Counsel *Pro Hac Vice* ......................................................... 5

          ii. Leaves of Absence ................................................................................... 6

          iii. Withdrawal or Substitution of Counsel ................................................ 6

          iv. Corporate Representation ...................................................................... 6

          v. Proposed Orders ...................................................................................... 7

   E.   *Pro Se* Parties ...................................................................................................... 7

3. PRETRIAL CASE MANAGEMENT ................................................................................. 9

   A.   Disclosure of Use of Artificial Intelligence (AI) .............................................. 9

   B.   Motions for Temporary Restraining Orders or Preliminary Injunctive Relief .......... 10

   C.   Extensions of Time ............................................................................................ 10

   D.   Page Limits for Objections to Magistrate Judge Reports and Recommendations ..... 10

   E.   Page Limit Extensions ...................................................................................... 10

   F.   Legal Citations .................................................................................................. 11

   G.   Conferences ........................................................................................................ 11

   H.   Joint Preliminary Report and Discovery Plan .............................................. 11

   I.   Discovery ............................................................................................................ 12

          i. General Principles of Discovery .......................................................... 12

          ii. Discovery Responses: Boilerplate and General Objections ............... 13

          iii. Interrogatories ...................................................................................... 14

          iv. Requests for Production or Inspection ................................................ 15

          v. Requests for Admission ......................................................................... 16

          vi. Depositions ............................................................................................ 16

          vii. Discovery Disputes .............................................................................. 17

          viii. Confidentiality Agreements, Protective Orders, and Motions to Seal ........ 18

   J.   Motions Practice ................................................................................................ 20

          i. Electronic Filing of Exhibits and Attachments .................................. 20

          ii. Brief Nomenclature .............................................................................. 20

iii. Amended Complaints and Motions to Dismiss ...............................................20

iv. Motions for Summary Judgment..................................................................21

v. Form of Statement of Material Facts & Responses ........................................21

vi. Requests for Oral Argument on Motions ......................................................22

4. TRIALS ....................................................................................................................22

    A.    Pretrial Conference ..............................................................................................22

    B.    Proposed Findings of Fact and Conclusions of Law............................................23

    C.    Jury Trial ............................................................................................................23

    D.    *Voir Dire*..............................................................................................................23

    E.    Courtroom Communications .................................................................................24

    F.    Exhibits ...............................................................................................................25

    G.    Jury Charges .......................................................................................................25

    H.    Courtroom Technology .........................................................................................26

CERTIFICATE OF COMPLIANCE.................................................................................27

1. **GENERAL MATTERS**

Attorneys and *pro se* parties appearing before this Court in civil litigation must observe three (3) sets of rules:

**A.** The Federal Rules of Civil Procedure. These rules are available at https://www.uscourts.gov/forms-rules/current-rules-practice-procedure/federal-rules-civil-procedure.

**B.** The Local Rules of this Court and Instructions Regarding Pretrial Proceedings (NDGA Local Rules). The Local Rules are available at https://www.gand.uscourts.gov/court-info/local-rules-and-orders/local-rules. Various forms and the Court's pretrial instruction package are available at https://www.gand.uscourts.gov/commonly-used-forms.

**C.** The rules and practices of the district judge, and magistrate judge if appropriate, assigned to your case.

2. **CASE ADMINISTRATION**

**A.** <u>Contacting Chambers</u>

Britney Rodgers, Judge Johnson's Courtroom Deputy, is your principal point of contact on matters related to your case. Communications with the Courtroom Deputy should be via email (britney_rodgers@gand.uscourts.gov) or in writing, addressed as follows:

>Chambers of Judge Tiffany R. Johnson
>ATTN: Britney Rodgers, Courtroom Deputy Clerk
>1767 United States Courthouse
>75 Ted Turner Drive, SW
>Atlanta, GA 30303-3309

<u>Neither the parties nor their counsel should discuss the merits of the case with Ms. Rodgers or any of the Court's law clerks.</u>

### B. <u>Transcripts</u>

Communications regarding transcripts should be directed to the Official Court Reporter who transcribed the hearing. If any party desires a daily copy or rough draft copy of a proceeding, that party must contact chambers at least two (2) weeks before the proceeding.

### C. <u>Courtesy Copies of Documents</u>

Parties frequently forward copies of motions or other filings directly to chambers for the Court's convenience. Courtesy copies are required for emergency motions filed pursuant to the Local Rules, specifically Local Rule 7.2B, motions for temporary restraining orders and/or preliminary injunctions, motions for summary judgment, and motions with voluminous exhibits.

Courtesy paper copies should be hand-delivered to chambers in Room 1767 on the 17th floor of the Richard B. Russell Federal Building located at 75 Ted Turner Drive, SW, Atlanta, Georgia 30303.

All courtesy copies of motions and exhibits should be printed double-sided directly from the docket on the Court's Case Management/Electronic Case Filing ("CM/ECF") system, with the docket header across the top of the document so that the case number, docket number, and page numbers appear on each page. Courtesy copies should be assembled in a tabbed, indexed, three-ring binder with the case caption on the cover.

### D. <u>Attorneys</u>
#### i. Admission of Counsel *Pro Hac Vice*

If lead counsel has been admitted *pro hac vice*, local counsel is required to be familiar with the case and may be called upon to attend hearings or participate in conferences on behalf of the lead counsel.

All counsel — including counsel admitted *pro hac vice* — must register and participate in the Court's CM/ECF filing system. *Pro se* parties are not part of the Court's electronic filing system and should be served directly.

### ii. Leaves of Absence

All requests for a leave of absence or notices of a leave of absence must be electronically filed. **Counsel should not mail or hand-deliver paper copies to chambers**. Counsel are encouraged to review their calendars and submit as early as possible any leave of absence requests or notices. Leave of absence requests or notices shall comply with Local Rule 83.1.

### iii. Withdrawal or Substitution of Counsel

It is counsel's responsibility to keep the Court informed of any change of his or her status. Withdrawal is not automatic and requires Court approval. Counsel should comply with Local Rule 83.1, when substituting or withdrawing as counsel. Counsel who fail to comply with this Local Rule will not be allowed to withdraw from the case until compliance is achieved. Additionally, depending on the status of the case and the reasons for withdrawal, counsel may not be permitted to withdraw.

### iv. Corporate Representation

Corporate entities must be represented in court by an attorney. A corporate officer may not represent the corporation unless that officer is also licensed to practice law in the state of Georgia. Local Rule 83.1, states:

> [A corporation or organization] may only be represented by an attorney, who must sign all pleadings and papers submitted to the Court; a corporate officer may not represent the client unless that officer is admitted to the bar of this Court as a regular member or has been admitted *pro hac vice* in the case; and failure to comply with this rule could result in a default judgment against the client[.]

Failure to comply with this rule can result in dismissal of a corporation's complaint or a default judgment against the corporation.

### v. Proposed Orders

For all consent, unopposed, or joint motions, the filing party shall include a proposed order granting the motion.

### E. *Pro Se* Parties

Parties proceeding *pro se* (without an attorney) are **ADVISED** that they must comply with the Federal Rules of Civil Procedure ("FED. R. CIV. P."), as well as the Local Rules of this Court. *Pro se* parties may obtain certain basic materials and hand-outs from the Office of the Clerk of Court located on the 22nd Floor of the United States Courthouse, 75 Ted Turner Drive, SW, Atlanta, Georgia. Many documents are also available on the Court's website at [www.gand.uscourts.gov](www.gand.uscourts.gov). *Pro se* parties may also utilize the Eleventh Circuit's law library located in the Elbert P. Tuttle U.S. Court of Appeals Building at 56 Forsyth Street, N.W., Atlanta, Georgia 30303.

Counsel and *pro se* parties are prohibited from engaging in *ex parte* communications with the Court or the Court's staff. "*Ex parte* communications" are any form of contact with the Court outside the presence of the opposing party or opposing party's counsel. This includes, but is not limited to, telephone calls, written correspondence, or in-person contact, by one party or party's counsel. If counsel or a *pro se* party seeks court action, the appropriate procedure is to put the request in writing, in the form of a motion, file the motion with the Clerk's office, and serve the opposing party or party's counsel. *See* FED. R. CIV. P. 5; Local Rules 5.1 and 5.2.; *see also* Local Rules 7.4. ("Communications to judges seeking a ruling or order, including an extension of time, shall be by motion and not by letter. A letter seeking such action ordinarily will not be treated as a motion. Counsel [and *pro se* parties] shall not provide the Court with copies of correspondence among themselves relating to matters in dispute.").

The Clerk of Court and the U.S. Marshals Service will not serve documents filed by either party, unless expressly directed to do so by the Court. The Court will only direct the Clerk or the U.S. Marshals Service to serve documents in the following

7

instances: (1) in the event a plaintiff is granted leave to proceed *in forma pauperis* (without prepayment of fees), the Court will direct the Clerk to prepare (and deliver to the U.S. Marshals Service, if necessary) a service package containing the case initiating document(s) or (2) in exceptional circumstances under the Court's discretion. The National Association of Professional Process Servers provides a search engine for locating process servers across the nation at its website (www.napps.org).

A *pro se* plaintiff is **REQUIRED** to provide the Clerk with an original of any further pleadings or other papers filed with the Court after the complaint. Under FED. R. CIV. P. 5, a *pro se* plaintiff who is not participating in the Court's CM/ECF filing system is further **REQUIRED** to **SERVE** upon the defendant(s) or counsel for the defendant(s), by mail or by hand delivery a copy of every additional pleading or other paper, unless the parties agree to an alternative method of service.

Each pleading or paper described in FED. R. CIV. P. 5, including pleadings, papers related to discovery required to be served, motions, notices and similar papers, shall include a certificate stating the date on which an accurate copy of that pleading or document was mailed or hand-delivered to the defendant(s) or counsel for the defendant(s). This Court will disregard any papers submitted which have not been properly filed with the Clerk, or which do not include a certificate of service. *Pro se* parties are also **ADVISED** that, under Local Rule 7, "PLEADINGS ALLOWED; FORM OF MOTIONS," if the deadline for a response to a motion passes without a response being filed, the motion is treated as unopposed. Under Local Rule 56.1, failing to file a response to a motion for summary judgment or contest the movant's statement of material facts will be taken as an admission of those facts.

*Pro se* parties are further **REQUIRED** to keep the Court advised of their current address at all times during the pendency of the lawsuit. Local Rule 83.1D(3) provides that counsel and *pro se* parties have, in all cases, a duty to notify the Clerk's Office by letter of any change in address and/or telephone number. Per this rule, "[i]f

a failure to provide notice of any such change causes delay or adversely affects the management of a case, the Court may impose an appropriate sanction." *Pro se* parties are encouraged to provide the opposing party or counsel for the opposing party with an email address for purposes of communicating regarding the case and serving copies of pleadings filed and served via regular mail. If a *pro se* party provides an email address, the opposing party or counsel for the opposing party shall serve copies of all pleadings via email and regular mail. *Pro se* parties are **ADVISED**, however, that the Court serves documents via paper only and not via email.

### 3. PRETRIAL CASE MANAGEMENT

#### A. Disclosure of Use of Artificial Intelligence (AI)

All counsel and *pro se* parties must disclose the use of artificial intelligence (AI) in any capacity to prepare documents submitted to the Court. If AI was used in any way to prepare a filing or submission to the Court or chambers, counsel and/or *pro se* parties are **REQUIRED** to sign and file a Disclosure of Use of Artificial Intelligence stating, as follows:

"This document was generated with the assistance of [**identify AI tool name**]. I hereby certify under penalty of perjury that, despite reliance on an AI tool, I have independently reviewed this document to confirm accuracy, legitimacy, and use of good and applicable law, pursuant to Rule 11 of the Federal Rules of Civil Procedure."

Counsel and *pro se* parties are cautioned that mistake, lack of technical expertise, and time constraints are typically not recognized by the Court as a good faith excuse for submission of documents that either violate Rule 11 or this disclosure rule. In particular, arguments in briefs to the Court which are supported by AI-generated caselaw (*i.e.*, cases that do not actually exist) are not acceptable. Failure to comply with this rule may result in appropriate sanctions, up to and including dismissal and/or default judgment.

### B.  Motions for Temporary Restraining Orders or Preliminary Injunctive Relief

The Court will not entertain granting a temporary restraining order or preliminary injunctive relief absent a properly supported motion with attached evidence pursuant to FED. R. CIV. P. 65.  *See* Local Rule 7.1A(1). If a party requests such relief only in their complaint or other pleadings, but fails to file a separate motion seeking the same, that request will not be considered until the merits of the case are addressed.

### C.  Extensions of Time

The Court, along with counsel for the parties, is responsible for processing cases toward prompt and just resolutions. To that end, the Court seeks to set reasonable but firm deadlines. Motions for extensions of time, whether joint, unopposed, or designated as consent, will not be granted as a matter of course. A party seeking an extension must file a motion **before** the expiration of the deadline and should explain with specificity the unanticipated or unforeseen circumstances necessitating the extension. The party should also set forth a timetable for the completion of the tasks for which the extension is sought. The parties may not stipulate to an extension of time – they must file a motion.

### D.  Page Limits for Objections to Magistrate Judge Reports and Recommendations

Objections and Responses to Objections shall be limited to fifteen (15) pages, absent prior approval from the Court.

### E.  Page Limit Extensions

Parties seeking an extension of the page limit must do so at least five (5) days in advance of their filing deadline and should explain with specificity the reasons necessitating the extension. The parties may not stipulate to additional pages – they must file a motion. If a party files a motion to extend the page limit at the same time the party's brief is due, the extension request will be denied absent a compelling and unanticipated reason for violating this rule. The Court will also not consider any

arguments made in pages which exceed the Local Rules' requirements.

### F. Legal Citations

Legal citations should be in Bluebook format (*i.e.*, citations should appear in the text of a brief immediately following the propositions they support, and not in footnotes or endnotes). The Court may reject a party's filing if the filing does not contain proper Bluebook formatting.

### G. Conferences

Scheduling, discovery, pretrial, and settlement conferences promote the speedy, just, and efficient resolution of cases. Therefore, the Court encourages the parties to request a conference with the Court when the parties believe that a conference will be helpful, and the parties should have specific goals and an agenda for the conference. Conferences may be requested by contacting the Courtroom Deputy.

### H. Joint Preliminary Report and Discovery Plan

If a defendant files a dispositive motion, including a motion seeking partial disposition of the case, the parties' discovery obligations and obligations under Local Rule 16 are stayed until fourteen (14) days after an order on the motion is entered by the Court.

Local Rule 16.1 provides that, prior to filing the Joint Preliminary Report and Discovery Plan, lead counsel for all parties are required to confer in an effort to settle the case, discuss discovery, limit issues, and discuss other matters addressed in the Joint Preliminary Report and Discovery Plan. *See* Local Rule 16.1. The Court encourages the parties to conduct this conference in-person.

With respect to deadlines addressed in the Joint Preliminary Report and Discovery Plan, the Court requires specific due dates to be provided. For example, the parties should set forth in the proposed Scheduling Order submitted with the Report the dates for the end of discovery based on the track set forth by the Court for the

category of case involved, for the filing of dispositive motions, and for the filing of the Consolidated Pretrial Order.

In certain cases, the Court may schedule a Rule 16 conference. Whether a conference will be scheduled generally will be determined after the Court reviews the Joint Preliminary Report and Discovery Plan filed by the parties. The Court will typically schedule a conference if any party so requests.

## I.  Discovery

Initial disclosures should be as complete as possible based upon information reasonably available. Responses may not be reserved for later supplementation.

### i. General Principles of Discovery

Counsel and *pro se* parties should be guided by courtesy, candor, and common sense, and should conform to the Federal Rules of Civil Procedure, the Local Rules of this Court, and applicable orders in conducting discovery.  In particular, counsel and *pro se* parties should have in mind the restrictions on the scope of discovery stated in FED. R. CIV. P. 26(b) and the good faith obligations implicit in Rule 26(g). Direct and informal communications between the parties is encouraged to facilitate discovery and resolve disputes.

All discovery must be served early enough so that the responses thereto are due on or before the last day of the discovery period.  Requests for extension of the discovery period or deadlines within the discovery period must be made in accordance with Local Rule 26.2B.  All requests for extensions of the discovery period must be made by motion and must state: (1) the original (and, if applicable, current) date from which the extension is being sought; (2) the number of previous requests for extensions, if any; (3) whether these previous requests were granted or denied; (4) whether the opposing party consents and, if not, the reasons given by the opposing party for refusing to consent; (5) what discovery has been taken as of the date of the motion; and (6) the reason additional time is needed.  An agreed-upon or consent motion  to

extend the discovery period or deadlines therein should be clearly designated as a consent motion. Motions for an extension of the discovery period must be filed prior to the expiration of the existing discovery period. The Court will not enforce the private agreements between the parties and/or their counsel to conduct discovery beyond conclusion of the discovery period. The Court also will not allow evidence at trial which was requested and not revealed during the discovery period. **Counsel should be aware that the Court is not hesitant to sanction a party and/or counsel for abusing the discovery process**.

### ii. Discovery Responses: Boilerplate and General Objections

FED. R. CIV. P. 33(b)(4) and 34(b)(2)(B) prohibit boilerplate and general objections in response to discovery requests. Parties should not carelessly invoke the usual litany of rote objections, *i.e.*, attorney-client privilege, work-product doctrine, overly broad/unduly burdensome, irrelevant, not reasonably calculated to lead to the discovery of admissible evidence.

A party shall not include in his response to a discovery request a "Preamble" or a "General Objections" section stating that the party objects to the discovery request "to the extent that" it violates some rule pertaining to discovery, *e.g.*, the attorney-client privilege, the work-product doctrine, the requirement that discovery requests be reasonably calculated to lead to the discovery of admissible evidence, and the prohibition against discovery requests that are vague, ambiguous, overly broad, or unduly burdensome. Instead, each individual discovery request must be met with every specific objection thereto—but only those objections that actually apply to that particular request. Otherwise, it is impossible for the Court or the party upon whom the discovery response is served to know exactly what objections have been asserted to each individual request. All such general objections shall be disregarded by the Court.

Finally, a party who objects to a discovery request but then responds to the request must indicate whether the response is complete, *i.e.*, whether additional

information or documents would have been provided but for the objection(s). FED. R. CIV. P. 34(b)(2)(C). For example, in response to an interrogatory, a party is not permitted to raise objections and then state, "Subject to these objections and without waiving them, the response is as follows . . ." unless the party expressly indicates whether additional information would have been included in the response but for the objection(s).

### iii. Interrogatories

The parties are expected to observe the limitations regarding the number and scope of interrogatories as stated in FED. R. CIV. P. 26(b) and 33. Counsel's or a *pro se* party's signature on the interrogatories constitutes a certification of compliance with those limitations. Interrogatories should be brief, straightforward, neutral, particularized, and capable of being understood by jurors when read in conjunction with the answer. Ordinarily, they should be limited to requesting objective facts, such as the identification of persons or documents, dates, places, transactions, and amounts. Argumentative interrogatories, attempts to cross-examine, and multiple repetitive interrogatories are objectionable.

The parties are directed to consult FED. R. CIV. P. 26(b) and 33(b)–(d) about the permissible scope of discovery and objections. Counsel's or a *pro se* party's signature on the answer constitutes a certification of compliance with the requirements of Rule 26(g). Rule 33(b)(3) requires the responding party to provide separate written answers to each interrogatory unless it is objected to. If an objection is made, the reason(s) for the objection shall be stated and the interrogatory shall be answered to the extent it is not objectionable. When in doubt about the meaning of an interrogatory, the responding party is to give the interrogatory a reasonable interpretation (which may be specified in the response) and answer it so as to provide, rather than deny, information.

Generally, the responding party is required to produce information only in the form in which it is maintained or is available. If an answer is made by reference to a

document, the responding party shall attach it or identify it and make it available for inspection. Generalized cross-references, such as to a deposition transcript, are not acceptable answers.

If an objection is based on privilege, the claim of privilege must be supported by a statement of particulars sufficient to enable the Court to assess its validity. In the case of a document, such a statement should specify the privilege relied on and include the date, title, description, subject, and purpose of the document, the name and position of the author, and the addresses of other recipients. In the case of a communication, the statement should include the privilege relied on and the date, place, subject, and purpose of the communication and the names and positions of all persons present. *See* FED. R. CIV. P. 26(b)(5).

### iv. Requests for Production or Inspection

The parties are advised to consult FED. R. CIV. P. 26(b) and 34 about the permissible scope of discovery and objections. **Absent prior approval from the Court, the parties are limited to twenty-five (25) requests for production**. To the extent possible, requests should specify with particularity the title and description of documents or records requested. (Information needed for specification can often be obtained by informal discovery, deposition, or interrogatories, if necessary.) The certification requirement of FED. R. CIV. P. 26(g) applies.

When responding to requests, materials (including electronically stored information) should be produced in accordance with FED. R. CIV. P. 34(b)(2)(E). All documents should be Bates-numbered or labeled with a unique identifier on each page. Documents should be produced either (1) with labels corresponding to the categories in the specific requests to which they respond, or (2) in a format where it is clear which document is responsive to each particular request. Opening a warehouse for inspection by the requesting party, burying the responsive documents in a mass of materials, and similar procedures do not meet the good faith requirements of the rules. The certification procedure of FED. R. CIV. P. 26(g) is

applicable.

### v. Requests for Admission

Requests for admission are an economical and efficient means of narrowing issues and making a record of informal exchanges of information, stipulations, and matters subject to judicial notice. **Absent prior approval from the Court, the parties are limited to twenty-five (25) requests for admissions.** Each request should be brief, clear, simple, addressed to a single point and stated in neutral, nonargumentative words. Requests ordinarily should deal with only objective facts. They may be combined with interrogatories to ask for the factual basis of a claim or a denial. The counsel's or *pro se* party's signature certifies compliance with FED. R. CIV. P. 26(g).

FED. R. CIV. P. 36(a)(4) requires that a response specifically deny a matter or set forth in detail the reasons why the party cannot admit or deny. A denial shall fairly meet the substance of the request, and when good faith requires, a party shall specify so much as is true and qualify or deny the remainder. The responding party has a duty to make reasonable inquiry before responding.

### vi. Depositions

Barring extraordinary circumstances, opposing counsel and *pro se* parties should be consulted, and the convenience of counsel, witnesses, and the parties accommodated, before a deposition is noticed. When counsel or a *pro se* party enter into stipulations at the beginning of a deposition, the terms of the stipulation should be fully stated on the record of the deposition. Questions should be brief, clear, and simple. A deposition should not be used to harass or intimidate a witness. Under FED. R. CIV. P. 30(c)(2), objections to the manner of taking the deposition, to the evidence, or to the conduct of a party shall be noted on the record, but the evidence objected to shall be taken subject to the objection.

In the absence of a good faith claim of privilege, instructions not to answer a question during a deposition are rarely justified and may lead to sanctions under FED.

R. CIV. P. 37. Speaking objections and other tactics for coaching a witness during the deposition are prohibited. If counsel or a *pro se* party believes that a motion to terminate or limit the examination under FED. R. CIV. P. 30(d) would be warranted or that counsel is obstructing the deposition to the extent that sanctions or another deposition will be requested, the parties should promptly contact the Courtroom Deputy to schedule a conference call with the Court to attempt to resolve the problem. The Court will endeavor to address the problem as quickly as possible once the issue is raised. The Court prefers handling such situations with a conference call rather than a later motion. FED. R. CIV. P. 26(b)(4) should be consulted regarding expert disclosures. Experts who are prospective witnesses are normally produced for deposition by the opposing party as a matter of course.

The parties are expected to observe the limitations on depositions specified in FED. R. CIV. P. 26(b) and 30 and, in particular, to avoid unnecessary depositions.

### vii. Discovery Disputes

The parties shall not file discovery motions (including motions to compel, motions for protective order, and motions for sanctions) absent prior approval from the Court. These disputes are often resolved in a conference with the Court, thus avoiding a delay of discovery. In the event a discovery dispute arises, the parties are required to meet and confer **in-person** in an effort to resolve the dispute. Counsel and/or *pro se* parties are required to confer in good faith before bringing a discovery dispute to the Court. *See* FED. R. CIV. P. 26(c) and 37(a)(1); Local Rule 37.1A. **The duty to confer is NOT satisfied by sending a written communication or conducting a telephone conference, UNLESS repeated attempts to confer in-person are unsuccessful due to the conduct of the opposing party.**

If the dispute cannot be resolved, the parties shall jointly file on the case docket a Notice of Discovery Dispute via the Court's CM/ECF filing system. In the consolidated submission, the parties should outline their positions on each of the discovery items in dispute. If there are four (4) or less issues, the consolidated

submission should not exceed five (5) pages. If there are five (5) to ten (10) issues, the statement should not exceed ten (10) pages. If there are more than ten (10) issues, the statement should not exceed twelve (12) pages. The statement should be formatted in a logical order, *i.e.*, identify each issue in dispute followed by a discussion from each of the parties setting forth an explanation of its respective position on the issue. For example:

> I.    Identify Discovery Issue #1
> A. Party A's Position
> B. Party B's Response

The parties are required to attach as an exhibit to the Consolidated Statement an excerpt of the relevant discovery requests, including only the language of the specific requests and, potentially, the disputed responses, that are the subject of the dispute. The parties should not attach an entire copy of their Interrogatories, Requests for Production of Documents, or Requests for Admission. No other exhibits, including email correspondence between the parties, are allowed without prior approval from the Court. The Court will determine whether the dispute can be resolved on the papers or whether a conference is necessary and will notify the parties accordingly. All discovery conferences will be recorded by a Court Reporter. If the differences cannot be resolved during the conference with the Court, the Court will direct further proceedings.

### viii. Confidentiality Agreements, Protective Orders, and Motions to Seal

The Court avoids the excess use of consent protective confidentiality orders that allow counsel to designate documents, tangible things, and information as "Confidential" and/or "Confidential—For Attorney's Eyes Only."

While the Court recognizes the legitimacy of such orders in some cases, the Court's experience is that such orders are used—and abused—more often than truly necessary. The Court is aware that the parties will at times agree to designate documents as "confidential." However, the Court will not approve consent protective

18

orders that conflict with the Court's view on the sealing of materials. As a guide to the parties, the Court notes that documents, tangible things, and information ordinarily are not truly confidential unless they constitute either (1) a "trade secret," as defined by Section 1(4) of the Uniform Trade Secrets Act, or for cases applying Georgia law, O.C.G.A. § 10-1-761(4); (2) personal identifying information, such as a Social Security number; or (3) personal health information protected by the Health Insurance Portability and Accountability Act. Counsel should also be aware that the Court is not hesitant to sanction counsel and/or parties for abusing a protective confidentiality order by too readily designating documents, tangible things, and/or information as "Confidential" and/or "Confidential—For Attorney's Eyes Only."

If the parties find that a confidentiality agreement or protective order is necessary, the parties must follow the practice for filing and sealing documents as described in the Court's Procedure for Electronic Filing Under Seal in Civil Cases, and must include this provision in any proposed agreement or protective order submitted for the Court's consideration:

> Any documents (including briefs), tangible things, or information designated as Confidential that are submitted to the Court in support of, or in opposition to, a motion or introduced at a hearing or during trial may retain their protected confidential status only by compliance with the Court's Procedures for Electronic Filing Under Seal in Civil Cases.

For documents filed other than during a hearing or trial, as a general matter, this Court will seal only those items enumerated in the Court's Standing Order 04-02 regarding sensitive information and public access to electronic case files. Absent extraordinary circumstances making prior consultation impractical or inappropriate, the party seeking to file the documents shall first consult with the party who designated the document as confidential to determine if some measure less restrictive than filing the document under seal may serve to provide adequate protection. As further clarification, the Court notes that a mere reference or discussion of confidential information does not warrant sealing of the entire document and all

attachments to be filed. Instead, the Court is only interested in sealing (or filing in a redacted format) very specific portions of documents that contain or refer to confidential information. The parties should refrain from sealing an entire document when only certain information is confidential. In addition, the Court will normally not seal documents used in open court at a hearing or trial absent extraordinary circumstances.

### J. Motions Practice

#### i. Electronic Filing of Exhibits and Attachments

Parties are directed to label all electronically-uploaded exhibits and attachments **according to their content** to assist the Court in navigating the docket to locate record evidence. For example, documents should be uploaded and identified on the docket as "Ex. 1 – Smith Deposition" rather than "Ex. 1." If a party is filing more than twenty-five (25) exhibits, the party should file a summary chart listing those exhibits according to their content descriptor and the CM/ECF docket number containing the exhibit. This chart may be filed after the brief and exhibits are filed.

#### ii. Brief Nomenclature

Briefs should be titled on CM/ECF as follows: The initial brief of a movant should be titled "Brief in Support of [state the motion]." The brief of the responding party should be titled "Response in Opposition to [state the motion]." The reply of the moving party should be titled "Reply in Support of [state the motion]." Though surreplies should not be filed in the normal course, if the Court authorizes a surreply, it should be titled "Surreply to [state the motion]."

#### iii. Amended Complaints and Motions to Dismiss

If, in response to a motion to dismiss, a plaintiff files an amended complaint pursuant to FED. R. CIV. P. 15(a)(1), the parties are directed to confer whether the motion to dismiss is rendered moot. If so, prior to filing any motion to dismiss the amended complaint, the defendant(s) shall notify the Courtroom Deputy via email, with a copy to all parties, that the original motion to dismiss may be terminated as

moot.

### iv. Motions for Summary Judgment

When filing summary judgment briefs, all citations to the record evidence shall be contained in each party's brief, not just in the party's statement of undisputed (or disputed) material facts. If possible, **citations to the record evidence in a brief should include the CM/ECF docket number**. Deposition transcripts should not be attached to summary judgment briefs. Instead, **before** filing a brief in support of or in opposition to a motion for summary judgment, the party must file on the docket the complete transcript of each deposition referenced in the brief. Filing the deposition transcripts before the briefs will allow the parties to cite to the docket number in the briefs. The party should include in the brief, immediately following the deposition reference, a citation indicating the page and line numbers of the transcript where the referenced testimony can be found. Parties are encouraged to quote testimony from depositions and are cautioned not to mischaracterize deposition testimony.

Within ten (10) days after a motion for summary judgment or cross-motion for summary judgment is fully briefed, the party seeking summary judgment must submit a courtesy copy of the motion, opposition to the motion, and all supporting documentation, including the Statement of Material Facts and the Response to the Statement of Material Facts, in a tabbed, indexed binder consistent with Section 2(C) above. The courtesy copies must be printed from the docket with the CM/ECF stamp header. If any exhibits (photographs, maps, graphics, etc.) must be printed in color to be understood or considered by the Court, the party should submit the printed copy of those exhibits in color.

### v. Form of Statement of Material Facts & Responses

Absent prior approval from the Court, **Statements of Material Facts are limited to fifty (50) facts**. Subparts are not permitted.

In addition to following the form instructions set out in Local Rule 56.1(B), a

party responding to a statement of material facts shall copy into its response document the numbered statement to which it is responding and provide its response to that statement immediately following. A party that chooses to reply to a response shall copy into its reply document its original numbered statement of material fact and the opposing party's response, then provide its reply to that statement immediately following. Each party shall file its documents in a text-searchable PDF format. For an example of the response format the Court prefers, *see Wade v. Lewis*, No. 1:16-cv-3691-AT (N.D. Ga.) (Doc. 59).

### vi. Requests for Oral Argument on Motions

In accordance with Local Rule 7.1(E), motions are usually decided without oral argument, but the Court will consider any request for hearing. If oral argument is requested, the party or parties should specify the particular reasons oral argument may be helpful to the Court and what issues will be the focus of the proposed argument. Moreover, the Court shall grant a request for oral argument on a contested substantive motion if the request states that a lawyer of less than five (5) years out of law school will conduct the oral argument, it being the Court's belief that new lawyers need more opportunities for Court appearances than they usually receive.

### 4. TRIALS

### A. Pretrial Conference

The Court will conduct a pretrial conference prior to trial. The purpose of the pretrial conference is to simplify the issues to be tried and to rule on evidentiary objections raised in the pretrial order. *See* Local Rule 16.4. Parties should bring to the pretrial conference a copy of the proposed pretrial order and attachments thereto, as well as any outstanding motions.

Unless otherwise directed, all motions *in limine* shall be filed at least fourteen (14) days before the pretrial conference. Briefs in opposition to motions *in limine* shall be filed at least seven (7) days before the pretrial conference. The parties should **not**

file consolidated or omnibus motions *in limine*.

Counsel for the plaintiff shall initiate, and all parties shall participate in, a meeting no later than ten (10) days before the pretrial conference to: (a) discuss settlement; and (b) stipulate to as many facts and issues as possible.

In accordance with Local Rule 26.2C, *Daubert* motions must be filed no later than the date the proposed pretrial order is submitted. Briefs in opposition to *Daubert* motions must be filed within fourteen (14) days following the filing of the *Daubert* motions, and reply briefs must be filed seven (7) days thereafter.

### B. Proposed Findings of Fact and Conclusions of Law

When counsel is required to submit proposed findings of fact and conclusions of law, *see* Local Rule 16.4B(25), in addition to electronically filing same, counsel should provide an electronic copy thereof in Microsoft Word format to the Courtroom Deputy via email (britney_rodgers@gand.uscourts.gov).

### C. Jury Trial

The Court usually is in session from 9:00 a.m. until 5:00 p.m. There will be a ten (10) minute recess mid-morning and again mid-afternoon, as well as a lunch break. When the jury is in the courtroom, it is the Court's and the parties' responsibility to use the jury's time efficiently. If matters need to be taken up outside the presence of the jury, they should be raised during breaks or before the start of the trial day. It is each party's responsibility to have enough witnesses on hand for each day's proceedings.

### D. Voir Dire

Proposed *voir dire* questions shall be filed with the pretrial order as provided in Local Rule 16.4(B). During *voir dire*, the jurors will verbally respond to a printed juror questionnaire (containing general questions regarding their residence, occupation, education, recreational activities, prior jury service and children, if applicable). The Court will then permit the attorneys to ask *voir dire* questions–as

previously approved by the Court. All challenges for cause will be heard at the close of the questioning of all jurors. There will be a fifteen (15) minute break at the conclusion of juror questioning to give all parties time to review their notes prior to striking members of the jury. The number of jurors empaneled will be determined after receiving input from the parties regarding the length of trial and any other relevant considerations.

## E. Courtroom Communications

### i. Presentation

To assist the Court Reporter, all communications to the Court should be made standing before a microphone from a position at counsel table or from the lectern. Only one (1) attorney per party may object to the testimony of a witness being questioned by an opposing party. The objection must be made by the attorney who has conducted or is to conduct the examination of the witness. Examination of a witness should be limited to questions addressed to the witness.

Counsel and parties should refrain from making disparaging remarks or displaying ill will toward other counsel and parties and from causing or encouraging any ill feeling among the counsel and parties. Counsel and parties are to refrain from making gestures, facial expressions, or audible comments as manifestations of approval or disapproval of testimony, argument, or rulings by the Court. Counsel, parties, and witnesses are to refrain from making extraneous statements, comments, or remarks during examinations.

### ii. Sidebar

Offers or requests for stipulations should be made privately, not within the hearing of the jury. Counsel and parties should refrain from putting any matter before the jury in the form of a question that counsel and parties know or expect will be subject to an objection that is likely to be sustained. Such matters should be taken up with the Court outside the presence of the jury. Counsel and parties should not ordinarily make motions in the presence of the jury. Such matters may be raised at

the first recess or at sidebar. A motion for mistrial must be made immediately, but the Court may require argument at the next recess or excuse the jury. The Court expects five (5) to six (6) hours of testimony per day in jury trials and will not allow sidebar conferences or lengthy hearings outside the presence of the jury to disrupt the orderly presentation of evidence.

### iii. Objections

When making an objection, counsel and parties shall state only the legal basis of the objections (*e.g.*, "leading" or "hearsay") and should not elaborate, argue, or refer to other evidence unless asked to do so by the Court. Counsel and parties are prohibited from addressing comments or questions to each other. All arguments, objections, and motions should be addressed to the Court.

### F. Exhibits

**Exhibits and witness lists must be provided to all parties at least thirty (30) days before the start of trial.** *See* Fed. R. Civ. P. 26(a)(3). Exhibits must be examined and marked before trial in compliance with Local Rule 16.4. The parties should confer with the Courtroom Deputy prior to the start of trial to determine how the Court will receive a copy of the exhibits for use by the Judge on the bench during proceedings. Ordinarily, the Court requests notebooks of exhibits to be provided on the first day of trial.

All papers intended for the Judge should be handed to the Courtroom Deputy, who will pass them to the Judge. Counsel and parties are not required to obtain permission from the Judge to approach a witness in order to show the witness an exhibit or other document.

### G. Jury Charges

The parties must file a unified set of proposed jury instructions three (3) days after the pretrial conference with the Court. The parties should also email a Word version of the unified proposed jury instructions to the Courtroom Deputy. Where an

instruction is not agreed upon, the parties should indicate who is proposing the instruction, the legal basis for the instruction, and the legal basis for the other party's opposition to the instruction. The parties must orally request leave of court to file supplemental jury charges. Ordinarily, the Court will charge the jury after closing argument. The jury will be provided with a written copy of the jury charges.

## H.  Courtroom Technology

A court order is required to bring boxes of exhibits, projectors, laptops—virtually anything necessary for use at trial—into the courthouse. The parties should file a motion, with a proposed order, detailing the equipment they wish to bring into the courtroom. This should be done not less than three (3) business days prior to the hearing or trial, to allow for proper notification to the U.S. Marshals Service.

The courtroom has various electronic equipment for use by the parties at trial. For more information on the equipment, or to schedule an opportunity to test the equipment, please contact the Courtroom Deputy. It is the parties' responsibility to make sure they know how to use the equipment available, to have the necessary accessories to connect their equipment, and to ensure that their equipment will interface with the Court's technology. **Trial will not be delayed for technical difficulties or equipment failure.**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | : | |
|---|---|---|
| _____ | : | |
| ,_____ | : | |
| Plaintiff[s], | : | |
| | : | |
| v. | : | |
| | : | |
| _____ | : | CIVIL ACTION NO. |
| ,_____ | : | 1:\_\_\_\_-cv-\_\_\_\_-TRJ |
| | : | |
| Defendant[s]. | : | |

## CERTIFICATE OF COMPLIANCE

I hereby certify that I have read the Court's Standing Order in Civil Cases Proceeding Before the Honorable Tiffany R. Johnson, and I will comply with its provisions during the pendency of this litigation.

_____

[Signature of counsel or *pro se* party]

27